ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
**PANEL XII**

| | | |
|---|---|---|
| JONATHAN CUEVAS ANDÚJAR, NELIDA ANDÚJAR TORRES<br><br>PETICIONARIOS<br><br>V.<br><br>ISMAEL ANDÚJAR TORRES Y OTROS<br><br>RECURRIDOS | KLCE202500569 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Superior de Utuado<br><br>Caso Número: UT2025CV00066<br><br>Sobre: Liquidación de comunidad de bienes hereditarios |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.[1]

Lotti Rodríguez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico a 31 de julio de 2025.

Comparece la parte peticionaria mediante un recurso de *Certiorari* presentado el 16 de mayo de 2025, en el cual nos solicita que se revise la *Resolución y Orden* dictada el 19 de abril de 2025, por el Tribunal de Primera Instancia de Utuado, que denegó el remedio interdictal solicitado. Transcurrido el término concedido a la parte recurrida para que se expresara sobre los méritos del recurso, procedemos a resolver sin su comparecencia.

**I.**

Surge del expediente ante nuestra consideración que, el 14 de febrero de 2025, el Sr. Jonathan Cuevas Andújar y Nélida Andújar Torres (peticionarios) presentaron una *Demanda* sobre liquidación de comunidad de bienes hereditarios, en contra de Ismael Andújar Torres, Eliezer Andújar Torres, José Luis Andújar Torres y la Sucesión de Lucila Andújar Torres compuesta por Graciano

---

[1] Conforme la DJ2024-062C del 6 de mayo de 2025, mediante la cual se asignó la integración de la Juez Glorianne M. Lotti Rodríguez al Panel XII.

Oquendo Andújar, Pedro Oquendo Andújar y Tany Xavier Mercado Andújar (recurridos). En síntesis, los peticionarios solicitaron la liquidación de la comunidad hereditaria de los causantes Ismael Andújar Medina y María Torres Rivera.

El 26 de marzo de 2025, la parte peticionaria presentó una *Urgente Moción al Amparo de la Regla 45 de Procedimiento Civil.* En la misma, solicitó que se le anotara la rebeldía a Graciano Oquendo Andújar e Ismael Andújar Torres, toda vez que habían sido emplazados y no habían formulado su alegación responsiva, ni comparecido a solicitar prórroga para contestar la Demanda. Acto seguido, el 27 de marzo de 2025, la parte peticionaria presentó una segunda *Moción al Amparo de la Regla 45 de Procedimiento Civil.* En la misma, coligió que Tany Xavier Mercado Andújar había sido emplazado el 24 de febrero de 2025; sin embargo, no había comparecido a contestar la Demanda. Consecuentemente, solicitó que se le anotara la rebeldía.

Asimismo, el 1 de abril de 2025, la parte peticionaria presentó una tercera *Moción al Amparo de la Regla 45 de Procedimiento Civil.* Mediante esta, solicitó que se le anotara la rebeldía a Pedro Oquendo Andújar, quien había sido emplazado el 27 de febrero de 2025 y no había comparecido al pleito. Ante ello, el 26 de marzo de 2025, el Tribunal de Primera Instancia (TPI o foro primario) emitió una Resolución mediante la cual le anotó la rebeldía a Graciano Oquendo Andújar e Ismael Andújar Torres. El 27 de marzo de 2025, el TPI emitió una Resolución Interlocutoria mediante la cual le anotó la rebeldía a Tany Xavier Mercado Andújar.

De igual forma, el 28 de marzo de 2025, el foro primario emitió una Resolución mediante la cual le anotó la rebeldía a Eliezer Andújar Torres y José Luis Andújar Torres. Asimismo, el 1 de abril de 2025, el TPI emitió una Resolución mediante la cual le anotó la rebeldía a Pedro Oquendo Andújar. Subsiguientemente, el 4 de abril

de 2025, Pedro Oquendo Andújar presentó una *Moción Asumiendo Representación Legal, Solicitando Reconsideración sobre Anotación de Rebeldía y Solicitando Breve Prórroga.* El 7 de abril de 2025, la parte peticionaria presentó una *Moción en Torno a Orden* en la cual señaló no tener objeción a que se le levantara la anotación de rebeldía a Pedro Oquendo Andújar.

Así las cosas, el 26 de marzo de 2025, la parte peticionaria presentó una *Urgente Moción de Remedio Provisional al Amparo de la Regla 56 de Procedimiento Civil.* Alegó que Graciano Oquendo Andújar ha tomado posesión ilegalmente de la propiedad inmueble que pertenece a la comunidad hereditaria. Arguyó que este ganó acceso a la propiedad al romper los candados y cerraduras de la propiedad y ha estado haciendo uso y disfrute exclusivo de bienes que son parte del caudal sujeto a partición y liquidación objeto de la Demanda. Indicó, además, que Graciano Oquendo Andújar ha estado haciendo uso y disfrute de la propiedad, sin pagar una renta a favor de los demás herederos y sin su consentimiento, a pesar de habérsele requerido.

El 7 de abril de 2025, el foro primario emitió una Resolución mediante la cual le levantó la rebeldía al codemandado Pedro Oquendo Andújar y le concedió un término para que presentara su alegación responsiva. Luego de varios incidentes procesales, innecesarios pormenorizar, el 21 de abril de 2025, el TPI emitió una Resolución mediante la cual declaró No Ha Lugar la *Urgente Moción de Remedio Provisional al Amparo de la Regla 56 de Procedimiento Civil,* que presentó la parte peticionaria. Razonó el foro primario que, los hechos que se narran en la solicitud no justifican la concesión inmediata de un remedio interdictal en la etapa en que se encuentran los procedimientos. En adición, determinó que la solicitud de la parte peticionaria era improcedente. Esto pues, el

Artículo 840 del Código Civil[2] provee un remedio específico para atender la controversia sobre el perjuicio causado por un comunero a esos fines. Concluyó que la amplitud y vaguedad de la solicitud de la parte peticionaria, impiden que se pueda determinar si existe un perjuicio, daño o pérdida irreparable a los intereses de las partes presuntamente afectadas o circunstancias extraordinarias que requieran protección mediante un remedio interdictal.

Inconforme, el 26 de abril de 2025, la parte peticionaria presentó una *Urgente Moción de Reconsideración [...]*. Posteriormente, el 8 de mayo de 2025, el TPI emitió una Resolución y Orden. En la misma, el foro primario se reafirmó en que la petición de remedio provisional carece de alegaciones específicas sobre cuales son las acciones de Graciano Oquendo Andújar dirigidas a obstaculizar la función del albacea, más allá de ocupar la propiedad que este administra.

Además, el TPI sostuvo que el remedio más adecuado en el presente es la imposición del pago de una renta, pues la parte peticionaria no logró convencerle de que sea necesaria una orden de cese y desista para desalojar a Graciano Oquendo Andújar y entregarle la posesión al albacea. Por lo cual, el foro primario autorizó la entrada de la parte peticionaria a la propiedad para gestionar la inspección y tasación a los fines de atender su reclamo del pago de renta por el uso exclusivo de Graciano Oquendo Andújar, así como proceder a realizar el avalúo e inventario de los bienes. Asimismo, impuso una fianza de $5,000.00 al peticionario, Jonathan Cuevas Andújar, que debía satisfacer previo hacer efectiva la Resolución y Orden.

Inconforme aun, el 27 de mayo de 2025, la parte peticionaria compareció ante nos mediante un recurso de *Certiorari.* Plantea que:

---

[2] 31 LPRA sec. 8202.

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR EL REMEDIO PROVISIONAL INTERDICTAL COMETIENDO ERROR MANIFIESTO EN LA APLICACIÓN DE LA NORMA Y ABUSANDO DE SU DISCRECIÓN CAUSANDO GRAVE PERJUICIO A LA PARTE DEMANDANTE.**

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR EL REMEDIO PROVISIONAL INTERDICTAL SIN CELEBRAR UNA VISTA EVIDENCIARIA PREVIO A SU DETERMINACIÓN.**

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR FIJAR COMO CONDICIÓN PARA LA EFICACIA DE LA ORDEN UNA FIANZA IRRAZONABLE DESPROPORCIONADA USANDO CRITERIOS AJENOS A LA NORMA Y DESENTENDIÉNDOSE DE LOS HECHOS.**

El 2 de junio de 2025, emitimos una Resolución mediante la cual le concedimos a la parte recurrida un término de diez (10) días para expresarse sobre los méritos del recurso. Transcurrido el término sin la comparecencia de la parte recurrida, pasamos a resolver.

**II.**

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido.[3] En particular, la Regla 52.1 de Procedimiento Civil[4] establece nuestro marco de autoridad y prohíbe intervenir en las determinaciones interlocutorias dictadas por el Tribunal de Primera Instancia salvo limitadas excepciones.[5] En lo que nos atañe, esta regla dispone, en lo pertinente, que: el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primer Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de: (1) una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil; (2) de una denegatoria de una moción de

---

[3] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 212 DPR 194 (2023).
[4] 32 LPRA Ap. V, R. 52.1.
[5] *Scotiabank de Puerto Rico v. Zaf Corporation*, 202 DPR 478 (2019).

carácter dispositivo; y, (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y, (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así pues, el auto de *certiorari* es un remedio procesal utilizado para que un tribunal de mayor jerarquía pueda corregir un error cometido por un tribunal inferior. Así, "[l]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". [6] Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera.[7] Esto, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción.[8]

Con el fin de que podamos ejercer de una manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento de este Tribunal nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*.[9] A esos efectos, la regla antes mencionada dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[6] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, *supra*.
[7] *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020); *Negrón v. Srio. de Justicia*, 154 DPR 79 (2001).
[8] *Pueblo v. Rivera Montalvo*, *supra*; *Pueblo v. Custodio Colón*, 192 DPR 567 (2015).
[9] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En ese sentido, el *certiorari* como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso.[10] La denegatoria de expedir un auto de *certiorari*, no constituye una adjudicación en los méritos, es el ejercicio de nuestra facultad discrecional para no intervenir a destiempo con el trámite pautado por el foro de instancia.[11]

Además, como se sabe, el tribunal de instancia goza de amplia discreción para pautar el manejo de los casos ante su consideración, a fin de lograr la búsqueda de la verdad y que sean adjudicados de manera rápida y correctamente. Como foro apelativo intermedio, no vamos a intervenir con el ejercicio de tal autoridad, excepto se demuestre que medió craso abuso de discreción, que hubo una interpretación o aplicación errónea de una norma procesal o sustantiva de derecho y que la intervención revisora evitará perjuicio sustancial a la parte alegadamente afectada.[12]

### III.

Evaluado el recurso de *certiorari* ante nos a la luz del marco jurídico expuesto, no encontramos indicios de que el TPI haya

---

[10] *Pérez v. Tribunal de Distrito*, 69 DPR 4 (1948).

[11] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra. Filiberty v. Soc. de Gananciales*, 147 DPR 834 (1999).

[12] *García v. Asociación*, 165 DPR 311 (2005).

incurrido en abuso de discreción al emitir la Resolución y Orden recurrida. Además, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, ni tampoco que la determinación sea manifiestamente errónea. Por tanto, no existiendo ningún elemento que nos motive a intervenir con la determinación del TPI en esta etapa de los procedimientos, no procede nuestra intervención. En consecuencia, en virtud de lo dispuesto en la Regla 40 de nuestro Reglamento, hemos acordado denegar la expedición del auto de *certiorari*.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones